UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 26-mj-56 (JNE/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **GOVERNMENT'S RESPONSE TO** |
| v. | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **AN ORDER TO SHOW CAUSE** |
| CHRISTINA RANK, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and William L. Richards, Special Assistant United States Attorney, respectfully opposes the defendant's Motion for an Order to Show Cause. The motion should be denied because the sealing order has not been violated, civil contempt is not an appropriate remedy, the defendant has not demonstrated any basis for the Court to exercise its inherent power to impose sanctions, and the materials are not subject to Rule 16. The United States further respectfully requests leave to file supplemental briefing should the defendant file a reply or raise new issues during oral argument.

## I. THE SEALING ORDER WAS NOT VIOLATED

Generally, when the language of a court order is unambiguous, it must be construed according to its plain meaning. *Minch Family LLLP v. Buffalo-Red River Watershed Dist.,* 628 F.3d 960 (8th Cir. 2010); See *McKenzie Cnty., ND v. United*

1

*States,* 131 F.4th 877 (8th Cir. 2025), cert. denied sub nom. *McKenzie Cnty., N. Dakota v. United States*, 146 S. Ct. 357 (2025).

RANK claims that the posting of his name, the statutory violation, and a booking photo on January 28, 2026, between 12:53pm and 1:12pm by the Attorney General violated the Court's Sealing Order. (ECF No. 32). However, specifically sealed only the complaint, the arrest warrant, and the affidavit of the case agent. (ECF No. 3, 4.) ("The government's petition to seal documents is GRANTED", the United States respectfully requests that the Court authorize the sealing of the Complaint, Arrest Warrant, the Affidavit…").

The language of the order is unambiguous as to what exactly is being ordered sealed. It is undisputed that the posts made by the Attorney General contained none of the aforementioned documents. Instead, the post contained information available to the public such as RANK's name, her arrest, along with her photo, and an indication that she had been arrested for "allegedly assaulting federal law enforcement…".

Even assuming that the sealing order was unclear from its plain terms, the result remains the same. A court may resort to the context in which the court order was submitted. See *City of Vicksburg v. Henson*, 231 U.S. 259, 34 S. Ct. 95 (1913) ("it is well settled however, that a decree is to be construed with reference to the issues it was meant to decide."); *Eaton v. Courtaulds of N. Am., Inc.*, 578 F.2d 87 (5th Cir. 1978) (Where ambiguities exist in the language of a consent decree, the court may turn to "other aids to construction", such as documents to which the consent decree

2

refs, as well as legal materials setting the context for the particular terms). So, a court must not construe an order as going beyond the motion in pursuance of which the order was made, for a court is presumed not to intend to grant relief which was not demanded. *McKenzie Cnty., ND v. United States*, 131 F.4th 877 (8th Cir. 2025), *cert. denied sub nom. McKenzie Cnty., N. Dakota v. United States*, 146 S. Ct. 357 (2025) citing *United States v. Spallone*, 399 F.3d 415 (2d Cir. 2005). These documents were sealed at the request of the government to prevent the ongoing investigation from being compromised, for the safety of the officers conducting the investigation and arrest, and ultimately to protect any persons contained in those documents from reputational harm in case the government ultimately did not charge the individual. (ECF No. 3 at 2-3).

Indeed, Paragraph 5 of the Government's petition to seal documents was not intended to specifically protect her. (ECF No. 2-3). Paragraph 5 of the sealing order was inserted to protect those individuals "who may not be indicted in this case". *Id.* The government charged RANK by information on February 4, 2026, (ECF No. 17), the functional equivalent of having been indicted. Therefore, the protection was never intended to apply to RANK. Consequently, while the posts were made a few hours before the initial appearance and unsealing, as a practical matter, the purpose for which they had been sealed had been completed and therefore could not have violated "the spirit" or purpose of the sealing order. Thus, the argument that the government violated the "spirit" of the sealing order is meritless. The "spirit" of the sealing order was to protect the *Government's* investigation, case, law enforcement officers, and as

3

stated above, individuals who would later not be charged, none of which were meant to be applicable to RANK. (ECF. No. 3).

In *City of Campbell, Mo. v. Arkansas-Missouri Power Co.,* 65 F.2d 425, 427 (8th Cir. 1933) the ourt found that a party violates a court order if it violates the letter or spirit of a court order. However, "When it is doubtful whether a decree of injunction has been violated, a court is not justified in punishing for contempt, either criminal or civil, for the reason that no one can say with a degree of certainty that the authority of the court needs to be vindicated or that the aggrieved party is entitled to remedial punishment." *Id.* at 427-428.

Furthermore, in *Campbell* the court recognized that the "process of contempt is a severe remedy and should not be resorted to where there is fair ground of doubt as to the wrongfulness of the defendant's conduct." 65 F.2d 425 (8th Cir. 1933) citing *California Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 5 S. Ct. 618 (1885); *Hanley v. Pac. Live Stock Co.,* 234 F. 522 (9th Cir. 1916). The government submits that there is no doubt that the Government did not violate the sealing order, or its "spirit". Even taking the facts in the light most favorable to the defendant, the facts themselves alone would establish a doubt as to the wrongfulness of the conduct as it relates to a violation of the sealing order. Therefore, the government did not violate the sealing order, its spirit or purpose and as such, neither contempt nor sanctions need to be considered.

## II. CIVIL CONTEMPT IS AN INAPPROPRIATE RELIEF

Civil Contempt is an inappropriate relief. 18 U.S.C. § 401 authorizes the court to punish contempt in three prescribed circumstances: (1) When a person misbehaves in such a way as to obstruct the administration of justice; (2) when an officer of the Court misbehaves while performing their official duties; and (3) when a person violates a lawful court order. 18 U.S.C. § 401; See *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 381 F. Supp. 3d 1082 (D. Minn. 2019), *aff'd,* 19-CV-351 (JNE/DTS), 2019 WL 10982132 (D. Minn. June 21, 2019). RANK's motion is predicated on the last circumstance, that is, an alleged violation of a lawful court order. (ECF No. 32)[1]. Moreover, 18 U.S.C. § 401 establishes two classes of contempt—civil and criminal. Id. Criminal contempt punishes a past offense by imprisonment or fine, or both. Id. In contrast, punishment in civil contempt is imposed to coerce compliance with a court directive. Thus, criminal contempt is an extraordinary remedy that is used sparingly, and civil contempt punishment is only appropriate where the court is seeking to compel compliance by a person involved in the proceedings before it. Id. With coercive contempt penalties, the court issues sanctions such as fines or incarceration to force the offending party to comply with the court's order. *Coleman v. Espy*, 986 F.2d 1184 (8th Cir. 1993); *Data Axle, Inc. v. CFM Data Network*, LLC, 23-CV-3255 (LMP/DLM),

---

[1] Attorneys are not officers of the court within the meaning of the contempt statute. *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.,* 381 F. Supp. 3d 1082 (D. Minn. 2019), *aff'd,* 19-CV-351 (JNE/DTS), 2019 WL 10982132 (D. Minn. June 21, 2019). Additionally, RANK has not alleged that contempt is warranted for misbehavior that obstructs the administration of justice. (ECF No 32). ( "Accordingly, the court should order the government to show cause for why it should not be held in contempt for violation of the seal order."). Regardless, it would be inapplicable here, misbehavior that obstructs the administration of justice typically involves such as "intemperate language, attempting to influence a judge, or other improprieties that are not necessarily direct violations of specific court orders." Id.

2025 WL 1261228 (D. Minn. May 1, 2025).

A compensatory civil-contempt sanction "must of course be based upon evidence of complainant's actual loss. *Fernando T. v. Noem*, 26-CV-445 (ECT/EMB), 2026 WL 508807 (D. Minn. Feb. 23, 2026). A party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated a court order. *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500 (8th Cir. 2000). Furthermore, because civil contempt is coercive in nature, if the complaining party is no longer entitled to the benefits of a complaint order, the contempt proceedings should be terminated. *In re Grand Jury Proceedings*, 574 F.2d 445 (8th Cir. 1978). Indeed, without anything to coerce, the issue of contempt becomes moot. *Id* citing *Bd. of Sch. Com'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 95 S. Ct. 848 (1975); *Hall v. Beals*, 396 U.S. 45, 90 S. Ct. 200 (1969). As a factual matter, the Government unsealed the petition on January 28, 2026, the same day, hours after the conduct giving rise to this motion. *See* ECF No. 7. Thus, it is not currently in violation of any court order imposed on it. Therefore, RANK's request for a Motion to Show Cause for Civil Contempt is moot.

Furthermore, civil contempt is an inappropriate vehicle to request an order to remove a social media post as requested by RANK. See ECF No. 32. Indeed, although the court has broad authority to ensure the orderly and expeditious disposition of cases, RANK has failed to cite to a single authority that suggests that the court's contempt power includes ordering a government actor to do or not do something that will neither put them in compliance with a court order, nor compensate them through

a fine. The contempt power is clear: "Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience." *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 114 S. Ct. 2552 (1994).

## III. RANK FAILS TO ESTABLISH A NEED FOR THE COURT'S INHERENT POWER TO SANCTION

It has long been understood that "[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123 (1991) citing *United States v. Hudson*, 11 U.S. 32 (1812). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs, so as to achieve the orderly and expeditious disposition of cases." *Id* citing *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S. Ct. 1386 (1962).  This power has included the ability to "dismiss actions, assess attorney's fees, and to impose monetary or other sanctions as appropriate for conduct which abuses the judicial process." *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045 (D. Minn. 2000).  Because of their potency, the court must exercise its inherent power to sanction cautiously and with restraint and discretion. *Id; Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991); *See also., Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794 (8th Cir. 2005).

Here, RANK has failed to demonstrate how the conduct in question has interfered with the "orderly and expeditious disposition of a case", or "abused the

7

judicial process" so as to warrant the Court's use of the inherent authority sanction. *See, VanDanacker v. Main Motor Sales Co.,* 109 F. Supp. 2d 1045 (D. Minn. 2000); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123 (1991).

Indeed, RANK has failed to make a showing that the conduct in question has tainted her future trial, or the integrity of further proceedings. *See Harlan v. Lewis,* 982 F.2d 1255 (8th Cir. 1993). (Where the court held sanctions appropriate to preserve the integrity of proceedings finding that the defendant's misconduct had a significant negative effect on both the discovery process and the eventual trial.); *Gallagher v. Magner,* 619 F.3d 823 (8th Cir. 2010)(where the court examined potential abuse of the discovery process where a party failed to place a litigation hold on the destruction of relevant evidence.) *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691 (8th Cir. 2001) (Where court found sanctions appropriate when a party submitted false discovery responses, gave perjurious answers during a deposition and interrogatory responses.); *Chrysler Corp. v. Carey,* 186 F.3d 1016 (8th Cir. 1999)( Sanctions appropriate when a party engages in a pattern of deceit by presenting false and misleading testimony under oath); *Pope v. Fed. Exp. Corp.,* 974 F.2d 982 (8th Cir. 1992)(Sanctions appropriate where the plaintiff introduced manufactured evidence and perjured testimony in an attempt to enhance the case through fraudulent conduct.)

In these cases, courts found sanctions appropriate because they involved conduct directly tied to the judicial process that had an actual prejudicial effect on the integrity of the proceedings, not just a perceived one. That is not present here.

RANK instead relies on mere speculation, allegations and conjecture to convince this court that sanctions are an appropriate relief for pre-trial publicity. On its face this motion fails.

The Government has not violated a court order, misrepresented anything to the court, has not tampered with witnesses, filed frivolous motions, engaged in a continuous pattern of conduct violative of a court order, or engaged in conduct that legitimate prejudices a defendant. In sum, the Government has not behaved in such a way that has "abused the judicial process" or interfered with "the orderly and expeditious disposition of a case", and RANK has not made a legitimate showing that such a case has occurred.

## IV. RANK'S MOTION FOR DISCOVERY IS OVERBROAD AND IMPROPER

The United States respectfully opposes Defendant's Motion for Discovery. RANK seeks the identities of government personnel involved in the taking or posting of RANK's photo, internal communications regarding the timing or publicity of her surrender, and DOJ directives concerning enforcement priorities. These materials are not witness statements, are irrelevant to the crime charged, and would not make her guilt more probable or material to a defense, thus they are not discoverable under Rule 16.

When multiple federal agencies are involved, a defendant must make a focused, specific request and show materiality. See *United States v. Bryan*, 868 F.2d 1032, 1082–83 (9th Cir. 1989). Mere speculation regarding the existence of documents

does not justify production. Id. at 1083; see also *United States v. Ivers*, 2023 WL 2182327, at \*2 (D. Minn. Feb. 23, 2023).

Rule 16 allows discovery of statements made by defendants, but not of others and does not require the Government to "hunt" for documents across multiple agencies absent a focused request. See *United States v. Dornsbach*, 2023 WL 2666480, at \*2 (D. Minn. Mar. 28, 2023) (citing *United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990)). Reports, memoranda, or other internal government documents created by a government agent in connection with the investigation or prosecution of the case are immune from discovery." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Robinson,* 439 F.3d 777, 779–80 (8th Cir. 2006). These materials are also protected by the work-product doctrine, including internal legal analyses and charging decisions, including documents prepared in anticipation of litigation, including drafts, internal communications, and attorney analyses. See *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *United States v. Williams*, 2024 WL 4589865, at \*3–4 (D. Minn. Oct. 28, 2024); *United States v. Nobles*, 422 U.S. 225, 238 (1975); *United States v. Robinson*, 439 F.3d 777, 779–80 (8th Cir. 2006). RANK's request for inter-agency communications is overbroad, immaterial, speculative, and seeks protected work product and is immaterial to a defense. In addition, such requests are not for potential witnesses or individuals who will testify at the trial. As such, the records are not discoverable under Rule 16 or Jenks. Therefore, production should be denied.

Further disclosure of personnel identities and internal deliberations could compromise the safety of federal employees and the integrity of ongoing government operations, and internal DOJ communications are protected by the deliberative process and work-product privileges. Accordingly, the motion should be denied in full. In the alternative, if the Court deems any information potentially relevant, the government requests a protective order limiting disclosure to defense counsel and redacting sensitive information.

## CONCLUSION

For the foregoing reasons, the motion should be denied. The sealing order was not violated, civil contempt is inapplicable, there is no basis for sanctions under the Court's inherent authority, and the materials are not subject to Rule 16. The Government respectfully requests leave to file supplemental briefing, if the defendant raises new issues.

Dated: April 8, 2026                     Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/William L. Richards*
BY: William L. Richards
Attorney ID No.: 5445002NY
Special Assistant U.S. Attorney
300 South 4th Street, Suite 600
Minneapolis, MN 55415
T: 612.664-5600| C: 202-230-8076
Email: William.Richards@usdoj.gov

11