UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-mj-56(DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTINA RANK, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS AND FOR EVIDENTIARY HEARING

Defendant, by counsel Bruce D. Nestor of De León & Nestor, states as follows:

1. This Motion is filed pursuant to the Court's text order of May 7, 2026, granting defendant permission to file "a submission clarify the scope of her motions" no later than May 14, 2026.

2. Christina Rank was charged by Criminal Complaint in this matter on January 23, 2026. (ECF#1). The Complaint was signed by Assistant United States Attorney Kristian Weir and supported by an Affidavit from Homeland Security Special Agent Richard Berger ("Berger Affidavit").

3. The Complaint alleged that Ms. Rank "did forcibly oppose, impede, or interfere" with a federal agent, in violation of 18 USC §111(a). The statutory language of "assault" was not included in the charging language of the Complaint.

4. On February 4, 2026, the Government charged Ms. Rank by the filing of an Information, alleging that Ms. Rank "did forcibly assault, resist, oppose, impede, intimidate, and interfere" with a federal agent in violation of 18 USC §111(a)(1). Thus, the Information added the additional allegations that Ms. Rank did "assault," "resist," and "intimidate" a federal agent(s) in violation of §111(a)(1)

5. By the filing of the Information, the Government essentially superseded the Complaint filed on January 23, 2026, such that the Information did not necessarily rely upon or incorporate the factual allegations in the Complaint. The Information, in fact, did not contain any factual allegations and relied instead solely on the statutory language of §111(a)(1).

6. At the pre-trial motion hearing held on May 7, 2026, Special Assistant United States Attorney William L. Richards III, in response to an inquiry from the Court, clarified that the Information did in fact incorporate and rely upon the factual allegations in the Complaint. Accordingly, Ms. Rank now brings this Motion seeking an evidentiary hearing to develop the record in support of a Motion to Dismiss for failure to state a claim, a Motion to Dismiss for lack of probable cause, and a potential Motion to Dismiss for outrageous governmental misconduct.

7. Based on video evidence filed as Exhibits with the Court on May 7, 2026, there is a substantial basis to question the veracity and accuracy of the

Berger Affidavit which is now incorporated into the Information as facts supporting the offense charged by the Information.

8. The Berger Affidavit states that it is based on "personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and recordings at the time of writing of this affidavit." (Berger Affidavit, p.2, Paragraph 4).

9. On information and belief, HSI Special Agent Richard Berger was not present during the incident resulting in Ms. Rank's arrest on January 12, 2026. As such, SA Berger would not have had any "personal knowledge" of the facts alleged in the Affidavit and his statement to the contrary is a false statement.

10. The Berger Affidavit also states as follows:

> After a short drive on the public roadways and with RANK following immediately behind, the officers attempted to re-enter the parking lot they were previously in. RANK then drove into oncoming lane and across the parking lot entrance at the same time the DOs were turning their vehicle into the parking lot entrance. As a result, RANK's vehicle blocked the entrance. By driving into the opposite lane and in front of the DO's car while the DOs were simultaneously entering the parking lot, RANK caused a collision with the DO's car.
>
> Berger Affidavit, p. 3, Paragraph 7

11. The allegation that "RANK caused a collision with the DO's car" is the only apparent factual basis to support the allegation in the Information that Ms. Rank did "forcibly assault" a federal agent as charged in the Information.

3

12. At the Motion Hearing in this matter held on May 7, 2026, Ms. Rank submitted and the Court accepted Exhibit #4, a video clip disclosed by the Government depicting Ms. Rank's vehicle and a government vehicle just prior to collision, and Exhibit #5, a surveillance video of the entrance to the school parking lot which captures the actual collision between Ms. Rank and a government vehicle. Both of these Exhibits are inconsistent with SA Berger's assertion in the Berger Affidavit that Ms. Rank "drove into [the] oncoming lane" or "into the opposite lane and in front of the DO's car" to cause the collision. Both Exhibits depict Ms. Rank's vehicle as being in a marked, left-turn only lane, and the government vehicle making a left turn from the outside lane, without a turn signal, and crossing in front of Ms. Rank's vehicle. Both Exhibit #4 and #5 support a finding that the Berger Affidavit contains false statements.

13. The record at this time does not establish how such false information came to be included in the Berger Affidavit. On information and belief, the surveillance video (obtained by Ms. Rank from her place of employment and disclosed to the Government by Ms. Rank on March 3, 2026), would not have been available to SA Berger when he authored the Berger Affidavit. SA Berger's statements in the Berger Affidavit may have been made after his review of Exhibit #4 (a video clip taken by a government agent), or based on statements made to SA Berger by government agents with personal knowledge. Thus, at the time he authored the Berger

4

Affidavit, SA Berger may not have known that objective, video evidence existed which contradicted the description of events set forth by SA Berger.

14. Ms. Rank at this time moves to dismiss the Information, under Fed.R.Crim.P. 12(b)(3)(B)(v), or at least the allegation in the Information that she did commit a "forcible assault" on a federal agent, for failure to state an offense. Ordinarily, the Court may resolve such a motion by assuming the truth of the government's allegations." *United States v. Quintanilla-Chavez*, 807 F.Supp.3d 641, 652 (W.D. Tex); *see also, United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994)("a pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt."). Ms. Rank contends, however, that the current state of the record in light of the video evidence means that the Government is unable to prove its case beyond a reasonable doubt. Alternatively, an evidentiary hearing should be held to develop the record as to the source of the information in the Berger Affidavit and whether the Government is able to present additional evidence by which it could prove its case at trial by proof beyond a reasonable doubt.

15. Ms. Rank also has pending motions seeking discovery to support a potential motion to dismiss for outrageous government conduct. Ms. Rank has made a substantial showing that the Government charged her based on false statements in the Berger Affidavit, which are now incorporated by

5

reference into the Information. Ms. Rank further requests an evidentiary hearing to establish the nature and scope of the false statements in the Berger Affidavit, at which the Government would bear the burden of establishing the veracity of the challenged statements in the Berger Affidavit. Evidence adduced at such a hearing would be relevant to whether the Government has engaged in a pattern of outrageous conduct in arresting, charging, and prosecuting Ms. Rank.

WHEREFORE, Christina Ranks requests that the charges in this matter be dismissed under Rule 12(b)(3)(B)(v), or in the alternative that the Court order an evidentiary hearing at which the Government would be required to present witnesses with first-hand knowledge of the allegations against Ms. Rank and the statements in the Berger Affidavit to establish that the Government can prove its case at trial by proof beyond a reasonable doubt and that SA Berger did not engage in misconduct by making false statements in the Berger Affidavit.

Dated:  May 13, 2026          S/BRUCE D. NESTOR
                              Bruce D. Nestor, 0318024 – MN
                              DE LEÓN & NESTOR, LLC
                              3547 Cedar Avenue South
                              Minneapolis, MN  55407
                              (612) 659-9019
                              (612) 436-3664 – Facsimile
                              nestor@denestlaw.com

6