UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-mj-56(DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHRISTINA RANK, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT RANK'S REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR HEARING AND BILL OF PARTICULARS**

Defendant Christina Rank, by counsel Bruce D. Nestor of De León & Nestor, and pursuant to the Court's scheduling order of May 7, 2026, states as follows for Defendant Rank's Reply to Government's Consolidated Response in Opposition to Defendant's Motion to Dismiss and Request for Hearing and Bill of Particulars:

## MOTION TO DISMISS AND REQUEST FOR HEARING

When a defendant is charged by Indictment in federal court, a grand jury has functioned as an independent finder of fact and determined the existence of probable cause. See, *United States v. Calandra*, 414 U.S. 338 (1974)("The grand jury's historic functions survive to this day. Its responsibilities continue to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfounded criminal

prosecutions."). In this case, Ms. Rank is charged by an Information: an Information which merely recites the statutory language of the charged offense, is signed by a Special Assistant United States Attorney on temporary assignment to the District of Minnesota, and which is not approved by any judicial officer. The Government has now chosen to supplement the Information by incorporating the factual allegations of the felony Complaint filed on January 23, 2026. Under these circumstances, when no independent finder of fact or judicial officer has determined the existence of probable cause and the essential facts incorporated into the Information appear to be contradicted by objective evidence, Ms. Rank contends that there is a limited and appropriate role for the Court to play in protecting Ms. Rank against an unfounded criminal prosecutions by entertaining a Motion to Dismiss pursuant to Fed.R.Crim.P. 12(b)(3)(B)(v).

Pursuant to Fed.R.Crim.P. 6(e)(3)(E), a court may authorize disclosure of a matter occurring before a grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." It is clear that "a conviction obtained through the use of false evidence, known to be such by representatives of the State" violates a defendant's right to due process. *Napue v. Illinois,* 360 U.S. 264, 269 (1959). The government's general obligation in this regard extends to testimony presented to a grand jury. *United States v. Basurto,* 497 F.2d 781, 785-786 (9th Cir. 1974); *United States v. Hogan,* 712 F.2d 757, 762 (2nd Cir. 1983).

2

In the instant case, Ms. Rank has made a substantial showing that false factual allegations, which are material to the charged offense, were included in the Complaint filed January 23, 2026, and which are now incorporated into the Information by the Government's concession at the motion hearing held in this matter on May 7, 2026. Specifically, objective video evidence consisting both of body camera footage recorded by government agents (Motion Hearing Exhibit #4) and surveillance footage from the Concord Education Center (Motion Hearing Exhibit #5), establishes the falsity of the allegation that "[b]y driving into the opposite lane and in front of the [government] car while the [government car was] simultaneously entering the parking lot, RANK caused a collision with the [government car]." This allegation is clearly material as to whether Ms. Rank did "forcibly assault" or otherwise violate 18 USC §111(a)(1) as charged.

The only remaining question, perhaps, is whether the author of the Complaint, Homeland Security Special Agent Richard Berger, made such statements knowing they were false or with reckless disregard for the truth. The Government contends that SA Berger, at the time he authored the Affidavit in Support of Criminal Complaint, had reviewed "video footage captured by law enforcement during the incident" which was "available to SA Berger at the time of the filing of the Berger Affidavit." (Consolidated Response, p.7). If this assertion by the Government is accurate (no evidence currently in the record establishes the veracity of this assertion), then SA Berger made the statements in the Affidavit although he had viewed body camera footage from government agents (Motion

3

Hearing Exhibit #4) which clearly showed Ms. Rank was in a marked, left-turn lane and that the government vehicle made an illegal left turn, without using a turn signal, in front of her vehicle. Ms. Rank would also note that in the case of *United States v Etherington*, 26-mj-58(NEB/DTS)(District of Minnesota), Magistrate Judge David T. Schultz has apparently made factual findings calling into question the veracity of other affidavits submitted by SA Berger. According to news coverage of a hearing held on April 28, 2026, Magistrate Judge Schultz stated that he had run into a lot of Agent Berger's affidavits and did not trust them. "In all of them I became concerned with the veracity of his affidavits." Schultz told the special assistant U.S. attorney prosecuting the case." ….[It] became quite clear… Mr. Berger does not, did not have personal knowledge [of the events]… That's a fake affidavit."[1] As a result of this determination, Magistrate Judge Schultz ordered an evidentiary hearing to resolve disputed issues of fact with respect to Etherington's motion to dismiss under Rule 12(b)(3)(B)(v) for failure to state an offense. See, 26-mj-58(NEB/DTS), Order, 4/22/26 (ECF#46). This hearing was ultimately not held as the parties apparently entered into a non-prosecution agreement and cancelled all further proceedings. *Id*., ECF#54-46 (excluding six months from date of order from Speedy Trial Act computations).

---

[1] *https://kstp.com/kstp-news/top-news/us-judge-challenges-credibility-of-evidence-in-ice-arrest-case/.* A transcript of this hearing has been prepared to which counsel does not have access as date of the filing of this Reply. Counsel will seek to obtain the transcript and provide a copy to the court and counsel to confirm whether the quoted language from the KSTP news report is accurate. See, 26-mj-58, ECF# 52, 5/1/2026.

Ms. Rank has made a substantial showing the false, material testimony was included by SA Berger in the Affidavit in Support of Criminal Complaint and that such testimony was knowingly false or made with a reckless disregard for the truth. This is analogous to a showing under Rule 6(e)(3)(E) of a showing that a "ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Because there are not grand jury materials to be reviewed, the Court should instead fashion a remedy for this potential due process violation by granting an evidentiary hearing as to how such false information came to be incorporated into the Berger Affidavit and the information reviewed by SA Berger prior to authoring the Affidavit. Such a hearing is necessary to protect Ms. Rank from a potentially "unfounded criminal prosecution" when the Government has chosen to deny her the historic protections of the grand jury process and proceeded to charge her instead by Information, for which Ms. Rank has made a substantial showing that the Information is based upon false, material facts, with knowledge that such facts were false or with a reckless disregard of their truth.

## MOTION FOR BILL OF PARTICULARS

Christina Rank filed a Motion for Bill of Particulars (ECF#51) on May 14, 2026, on the basis of the different charging language used in the felony Criminal Complaint (ECF#1) filed January 23, 2026, and the Information (ECF#17) filed February 4, 2026. The Government in its Consolidated Response (ECF#53) completely fails to address this difference in charging language and instead makes

boilerplate argument regarding the general circumstances in which a Bill of Particulars may be required to be filed by the Government.

As noted in her Motion for Bill of Particulars, the Complaint filed January 23, 2026, alleged that Ms. Rank "did forcibly oppose, impede, or interfere" with a federal agent, in violation of 18 USC §111(a). The statutory language of "assault" was not included in the charging language of the Complaint. Twelve days later, on February 4, 2026, the Government charged Ms. Rank by the filing of an Information, alleging that Ms. Rank "did forcibly assault, resist, oppose, impede, intimidate, and interfere" with a federal agent in violation of 18 USC §111(a)(1). Thus, the Information added the additional allegations that Ms. Rank did "assault," "resist," and "intimidate" a federal agent(s) in violation of §111(a)(1).

This difference in charging language raises the fair inference that the Government now seeks to charge Ms. Rank with assaulting, resisting or intimidating a federal agent, an offense or offenses which it did not initially charge by Complaint on January 23, 2026. The basis for this inference is bolstered by the fact that in the Amended Government's Petition to Seal Documents (ECF#5) filed January 28, 2026 (five days after the filing of the Complaint and seven days prior to the filing of the Information), the Government asserts that "[t]his matter involves an ongoing investigation into alleged violations of 18 USC §111(a)." This assertion of a "ongoing investigation" supports an inference that after January 23, 2026, the Government obtained new information as a result of its "ongoing

6

investigation" which supported the filing of charges that Ms. Rank did "assault," "resist," and "intimidate a federal agent in violation of 18 USC §111(a).

The Information, which is the current charging document, contains no factual allegations and simply recites the charging statutory language. Assuming the factual allegations in the Complaint are incorporated into the Information, the Government could be seeking to charge Ms. Rank with multiple offenses as the statutory alternatives of resisting, opposing, impeding, intimidating, or interfering with a designated federal official do not necessarily overlap and involve identical conduct and elements. For instance, a fair reading of the Complaint and Information together, could support a conclusion that Ms. Rank "assaulted" federal officers when she "caused a collision" with a Government vehicle. (Complaint, p. 3, ¶7). She may have "impeded," "intimidated" or "interfered" by following "immediately behind [federal agents] in her vehicle." (Complaint, p. 3, ¶6). Alternatively, the Government may assert she "caused a collision" but did not intend to do so, such that Ms. Rank is only charged with "impeding" officers when she "sought to block the [federal agents] from re-entering the parking lot." (Complaint, p. 3, ¶9).

Absent a Bill of Particulars, Ms. Rank is unable to determine if she is charged with a single offense by the Information, or one or more offenses. Ms. Rank is also unable to prepare a defense without knowing which alternative act or acts she is charged with under the statute, alleging that she did "forcibly assault, resist, oppose, impede, intimidate, and interfere" with a federal agent.

Further, if the Government seeks to charge Ms. Rank with multiple offenses (a fair inference from the difference in charging language between the Complaint and Information), then charging two offenses in a single count of an Information would be a basis for a motion to dismiss under Rule 12(b)(3)(B)(i) for duplicity. Requiring the Government to file Bill of Particulars would allow Ms. Rank and the Court to determine if the Information is duplicitous. Absent a Bill of Particulars, Ms. Rank is unable to determine if she is charged with a single offense by the Information, or one or more offenses. Ms. Rank is also unable to prepare a defense without knowing which alternative act she is charged with under the statute, alleging that she did "forcibly assault, resist, oppose, impede, intimidate, and interfere" with a federal agent.

Ms. Rank does not request a Bill of Particulars as a means of obtaining the Government's evidence, legal theories, witness testimony, or trial strategy. (Consolidated Response, p.21). Ms. Rank simply seeks to have the Government officially, and on the record, clarify whether she is charged with one or multiple offenses, and which statutory alternative(s) the Government alleges forms the basis for the elements of the charged offense(s). Accordingly, the Government should be required to file a Bill of Particulars, detailing the charge(s) it intends to bring against Ms. Rank, the statutory language under which the Government is charging Ms. Rank, and a summary of factual basis for any charge(s) brought against Ms. Rank.

Dated:  <u>June 18, 2026</u>          <u>      S/BRUCE D. NESTOR         </u>
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN  55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com

9